UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

TIM VINING REAL ESTATE
APPRAISER AND
CONSULTANTS, INC., a
Washington corporation,

    Plaintiff,

vs.

CLARK JENNINGS & Associates,
INC, a Washington corporation;
STEVE WEBER, and his marital
community; HENRY JOHNSON,
and his marital community; SCOTT
ANDERSON, and his marital
community; and JIM O'CONNOR,
an his marital community,

    Defendants.

NO. CV-04-3110-RHW

**ORDER DENYING PLAINTIFF'S PARTIAL SUMMARY JUDGMENT MOTION, AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S SUMMARY JUDGMENT MOTION**

Before the court are Plaintiff's Motion for Partial Summary Judgment on Liability (Ct. Rec. 13), Defendants' Cross-Motion for Summary Judgment on Non-Infringement (Ct. Rec. 34), Defendants' Motion to Modestly Exceed Page Limit (Ct. Rec. 59), Defendants' Motion to Strike (Ct. Rec. 61), Defendants' Motion to Strike (Ct. Rec. 64), and the joint Stipulation Regarding Extension of Time for Reply Brief and Expert Witness Disclosures (Ct. Rec. 51).

A hearing was held June 1, 2005, in Yakima, Washington. Plaintiff was represented by Patrick Ballew and Quinten Bowman. Gary Luloff and Paul Beattie appeared on behalf of the Defendants.

//

**SUMMARY JUDGMENT ORDER ~ 1**

## BACKGROUND FACTS

Plaintiff filed a complaint for copyright infringement, unfair competition, civil conspiracy, and unjust enrichment on October 4, 2004. He asserts claims against a corporate entity, Clark Jennings & Associates, Inc. and four individual Defendants, Steve Weber, Henry Johnson, Scott Anderson, and Jim O'Connor.

Plaintiff is a Washington State certified general real estate appraiser, specializing in appraisals of commercial, industrial, and agricultural real estate. On May 3, 2001, Plaintiff completed an Appraisal Report for U.S. Bank and MONY Life Insurance, as requested. The Appraisal Report appraised property known as the A&B Hop Farms. It was over 250 pages in length, and cost $20,000 to prepare. Plaintiff alleges that Defendants copied portions of the Appraisal Report containing his personal observations and used that copied material to prepare real estate sales brochures to advertise, market, and sell A & B Hop Farms.

On February 20, 2002, Plaintiff was issued a Certificate of Registration No. TX5-455-482 for the Appraisal Report in question. In April 2005, he was issued a Supplementary Certificate of Registration.

## DISCUSSION

**I. Standard of Review:**

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Under Rule 56(c), the moving party bears the initial burden of showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the moving party meets its burden, the burden shifts to the non-moving party to demonstrate that genuine issues remain for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986)*; Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 160-61 (1970). Rule 56(e) states that "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed. R. Civ. P. 56(e).

**II. Plaintiff's Motion for Summary Judgment:**

Plaintiff filed his Motion for Summary Judgment as to the joint and several liability of all Defendants for direct copyright infringement. In order to establish a claim for copyright infringement, a plaintiff must show: (1) ownership of a valid copyright; and (2) copying by the defendant of the "original" elements of the work. *CDN, Inc. v. Kapes*, 197 F.3d 1256, 1258 (9th Cir. 1999). Copyright registration is considered prima facie evidence of the validity of the copyright, which can be challenged by presenting evidence attacking the elements of a valid copyright, such as ownership, copyrightable subject matter, and originality. *Syntek Semiconductor Co. v. Microchip Technology*, 307 F.3d 775, 781 (9th Cir. 2002). Plaintiff's Certificate of Registration No. TX 5-455-482 establishes *prima facie* evidence of a valid copyright (Ct. Rec. 45). Thus, Plaintiff has met his burden of establishing that he holds a valid copyright.

A copyright owner has the exclusive rights to copy, distribute, or display the copyrighted work publicly. 17 U.S.C. § 106 . Under 17 U.S.C. § 204(a), a

**SUMMARY JUDGMENT ORDER ~** 3

copyright holder may transfer any or all of these rights, but in order for such a transfer to be valid it must be in writing. Section 204 applies only to the transfer of exclusive rights; grants of nonexclusive licenses need not be in writing.[1] *Effects Assoc., Inc. v. Cohen*, 908 F.2d 555, 558 (9th Cir. 1990); *see also Foad Consulting Group, Inc. v. Musil Govan Azzalino*, 270 F.3d 821 (9th Cir. 2001); *Fosson v. Palace (Waterland) Ltd.*, 78 F.3d 1448 (9th Cir. 1996); *ITSI T.V. Prod., Inc. v. California Authority of Racing Fairs*, 70 F.3d 1278 (9th Cir. 1995). In the case of an implied nonexclusive license, the licensor-creator of the work, by granting an implied nonexclusive license, does not transfer ownership of the copyright to the licensee. *I.A.E., Inc. v. Shaver*, 74 F.3d 768, 775 (7th Cir. 1996). The copyright owner simply permits the use of a copyrighted work in a particular manner. *Id.* In contrast to an exclusive license, a "nonexclusive license may be granted orally, or may even be implied from conduct." *Id.* The existence of a nonexclusive license creates an affirmative defense to a claim of copyright infringement. *Id.*, (citing *Effects*, 908 F.2d at 559).

A nonexclusive license may be granted orally or may be implied by conduct. *See Effects*, 908 F.3d at 558 . The court in *Effects* established a three-part test to determine whether a nonexclusive license is granted to a party who commissions a work from an author: (1) whether the author created the work at the request of the party claiming the license, (2) whether the author "handed the work over" to the other party, (3) whether the author intended that the other party copy and distribute

---

[1] Section 101 defines transfers of ownership broadly, but expressly removes from the scope of § 204 a nonexclusive license. 17 U.S.C. § 101 ("a transfer of copyright ownership is an assignment, mortgage, exclusive license, or any other conveyance, alienation, or hypothecation of a copyright, whether or not it is limited in time or place of effect, but not including a nonexclusive license.")

**SUMMARY JUDGMENT ORDER ~ 4**

the work. *Effects*, 908 F.2d at 558.  *Effects* stands for the proposition that "a seller grants a buyer an implied license to use a product for the purpose for which the seller sold it to the buyer." *Foad*, 270 F.3d at 827.

The Ninth Circuit held that, in determining whether a copyright holder has granted an implied, nonexclusive copyright license, the court must apply state contract law, not federal copyright law. *Foad*, 270 F.3d at 826-27 (holding that where the Copyright Act does not address an issue, the court must turn to state law to resolve the matter, so long as the state law does not otherwise conflict with the Copyright Act).  Thus, federal law creates the license, but the determination of whether such a license exists in a particular contract requires the application of state law. *Id.*

In this case, whether Defendants have an implied nonexclusive license depends, in part, on the terms of the contract between Plaintiff and MONY/U.S. Bank.  Under Washington contract law, a person having the exclusive right to sell an article may restrict the purchaser's use of such article within specific boundaries of time, place or method, which then become the measure of an implied license arising from the sale. *See Thys v. State*, 31 Wash. 2d 739, 755 (Wash. 1948).  In Washington, parol or extrinsic evidence is not admissible to add to, subtract from, vary, or contradict written instruments that are contractual in nature and that are valid, complete, unambiguous, and not affected by fraud, accident, or mistake. *Buyken v. Ertner*, 33 Wash. 2d 334, 341, 205 P.2d 628 (Wash. 1949).  However, extrinsic evidence of trade usage and course of dealing is admissible despite a lack of ambiguity on the face of the contract. *Puget Sound Financial, L.L.C. v. Unisearch, Inc.*, 146 Wash. 2d 428, 434. 47 P.3d 940 (Wash. 2002).

If MONY/U.S. Bank has a nonexclusive license to use the Appraisal to sell the property in question and if Defendants were agents of MONY/U.S. Bank, then

**SUMMARY JUDGMENT ORDER ~ 5**

Defendants may have a defense to any claim for direct copyright infringement. Under Wash. Rev. Code Ann. § 18.86.020(1)(a), a licensee who performs real estate brokerage services for a seller and has entered into a written agreement with the seller is the seller's agent. An agent's actual authority may be express or implied. *King v. Riverland*, 125 Wash. 2d 500, 507 (Wash. 1994). Implied authority is actual authority, which the principal is deemed to have actually possessed. *Id.* Implied authority is proved through circumstantial evidence. *Id.* Authority to perform particular services for a principal carries with it the implied authority to perform the usual and necessary acts essential to carry out the authorized services. *Id.* (quoting *Walker v. Pacific Mobile Homes, Inc.*, 68 Wash. 2d 347, 351 (1966)).

The Court finds that Plaintiff holds a valid copyright in the Appraisal Report. Defendants have established that genuine issues of material fact remain regarding whether Defendants' copying and distributing of Plaintiff's Appraisal was permissible under the theory of implied nonexclusive copyright license between MONY/U.S. Bank and Defendants, as agents of the former. Thus, Plaintiff's motion for summary judgment on a direct liability theory is denied.

**III. Defendants' Motion for Summary Judgment**:

Defendants filed a counter-Summary Judgment Motion regarding Plaintiff's claims of (1) direct liability, (2) contributory liability, and (3) vicarious liability.

**A. Direct Infringement**

To establish direct copyright infringement, a plaintiff must show (1) ownership of allegedly-infringing material, and (2) that the alleged infringers violate at least one exclusive right granted to copyright holders. *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001). A copyright owner has the exclusive rights to copy, distribute, or display the copyrighted work publicly.

**SUMMARY JUDGMENT ORDER ~ 6**

17 U.S.C. § 106 (1988).

As discussed above, Plaintiff has adduced facts to show ownership of the copyrighted material through the Registration Certificate (Ct. Rec. 13). Under the second prong of direct copyright infringement, Plaintiff asserts that Defendants O'Connor and Anderson directly copied and/or distributed, respectively, significant portions of the Appraisal Report. Defendant Anderson concedes that he sent at least one sales brochure to a potential buyer (Ct. Rec. 48, Deposition of Scott Anderson, p. 18),[2] and Defendant O'Connor admits to having created the allegedly-infringing brochures (Ct. Rec. 48, Deposition of James O'Connor, p. 25). To the extent that Defendants O'Connor or Johnson are liable for direct infringement, Defendant Clark Jennings, as their employer, also is liable. Thus, Plaintiff has produced enough evidence to create a genuine issue of material fact regarding his claim for direct infringement for Defendants Anderson, O'Connor, and Clark Jennings. Summary judgment for these Defendants is accordingly denied.

For Defendants Weber and Johnson, however, Plaintiff fails to produce any fact that would establish direct infringement of the allegedly-copyrighted materials (Ct. Rec. 47). Defendants Weber and Johnson declare that they have not engaged in the preparation of the sales brochure, nor in any direct copying of the Appraisal (Ct. Rec. 48, Deposition of Johnson, Deposition of Weber). Plaintiff does not refute these assertions in his reply (Ct. Rec. 47). Summary judgment regarding

---

[2] Defendant Scott Anderson recently filed an affidavit averring that he had no personal involvement in the distribution of the sales brochures, other than the one requested to be mailed (Ct. Rec. 75). This Declaration was filed too late to merit consideration, and the Court will not consider it for the purposes of summary judgement.

**SUMMARY JUDGMENT ORDER ~** 7

direct infringement is, thus, granted for individual Defendants Johnson and Weber.

**B. Vicarious Infringement**

Three elements are required to prove a defendant is vicariously liable for copyright infringement: (1) direct infringement by a primary party, (2) a direct financial benefit to the defendant, and (3) the right and ability to supervise the infringers. *Metro-Goldwyn-Mayer Studios v. Grokster Ltd.*, 380 F.3d 1154, 1164 (9th Cir. 2004).

Under the first element, as discussed above, there is a genuine issue of material fact regarding direct liability of Defendants Anderson, O'Connor, and Clark Jennings. For the second element, Plaintiff presents evidence showing that Defendant Clark Jennings, as a corporation, has the right and ability to supervise its employees and could have reviewed the sales brochure at issue (Ct. Rec. 48, Deposition of Scott Anderson, p. 18); Defendant Weber admitted that he could supervise any activity occurring at any of Clark Jennings's offices (Ct. Rec. 48, Deposition of Steven Weber, p. 28); Defendant Johnson delegated the preparation of the brochures (Ct. Rec. 48); Defendant O'Connor volunteered to write the allegedly-infringing sales brochures (Ct. Rec. 48, Deposition of James O'Connor, p. 25); and Defendant Anderson requested the sending of at least one sales brochure to potential buyers (Ct. Rec. 48, Deposition of Scott Anderson, p. 18). For the third element of vicarious copyright infringement, Plaintiffs contend that Defendants received a financial benefit in that Defendant Clark Jennings made significant commission from the sale of real estate resulting from the use of the Appraisal (Ct. Rec. 48, Exhibit 31 to Deposition of Steven Weber, p. 152); a portion of Defendant Weber's salary is Clark Jennings's share of commissions earned on sale of real estate (Ct. Rec. 48, Deposition of Steve Weber, p. 109); by copying the Appraisal, Defendant Johnson saved somewhere between "a few days"

**SUMMARY JUDGMENT ORDER ~ 8**

and a week that employees could spend on other business (Ct. Rec. 48, Declaration of Henry Johnson, p. 85); and Defendant Anderson admits that sales brochures are one of the tools used to sell real property and received commission for the sale of the real property described in the brochures (Ct. Rec. 48, Deposition of Scott Anderson, p. 14).

The court finds that there is a genuine issue of material fact as to Defendants' liability for vicarious copyright infringement. Therefore, summary judgment on this issue is not appropriate at this time.

### C. Contributory Infringement

In his complaint, Plaintiff argues that all Defendants are liable for contributory copyright infringement. Defendants move for summary judgment on claims of contributory infringement against each Defendant.

Contributory copyright infringement requires: (1) direct infringement by the primary user, (2) actual or constructive knowledge of the direct infringement, and (3) a material contribution to the infringement. *Grokster*, 380 F.3d at 1160 (9th Cir. 2004). A plaintiff bears the burden of showing all elements of contributory copyright infringement. *Id.*

Plaintiff does not address the issue of contributory liability in his response to Defendants' Cross-Motion for Summary Judgment (Ct. Rec. 47). To the extent that (1) the copying of the Appraisal Report by Defendant O'Connor, and (2) the distribution of sales brochures by Defendant Anderson constitute two separate instances of direct infringement, neither of these two Defendants had any knowledge of the direct infringement on the part the other (Ct. Rec. 45). Therefore, neither of the two Defendants, O'Connor and Anderson, satisfies the second prong of contributory infringement. None of the remaining Defendants, Clark Jennings, Weber, or Johnson, had any knowledge of the instances of the alleged direct

**SUMMARY JUDGMENT ORDER ~ 9**

infringement (Ct. Rec. 45). Thus, there is no dispute of material fact regarding the knowledge element of contributory copyright infringement for all Defendants. Because Plaintiff has not established any genuine issue of material fact, summary judgment for Defendants is appropriate for Plaintiff's contributory copyright infringement claim. The motion for summary judgment on contributory copyright infringement is for all Defendants.

**IV. Defendant's Two Motions to Strike**

On March 23 and March 27, 2005, Defendants filed two (2) Motions to Strike (Ct. Rec. 61, 64). The Court finds that both these motions were filed too late to merit consideration and will not consider the arguments.

Having reviewed the record, heard from counsel, and been fully advised in this matter, **IT IS HEREBY ORDERED**:

1. Plaintiff Tim Vining's Motion for Summary Judgment Against Defendant Clark Jennings (Ct. Rec. 13) is **DENIED**.

2. Defendants' Motion for Summary Judgment (Ct. Rec. 34) is **GRANTED IN PART and DENIED IN PART**. Summary judgment is **granted** on the claim of Direct Copyright Infringement with respect to Defendants Clark Jennings, Weber, and Johnson. Summary Judgment is **granted** on the Claim of Contributory Copyright Infringement with respect to all Defendants. Defendants' remaining Summary Judgment Motions are **denied**.

3. Defendants' Clark Jennings' Motion to Modestly Exceed Page Limit (Ct. Rec. 59) is **GRANTED**.

4. Defendants' two (2) Motions to Strike (Ct. Rec. 61 and 64) are **STRICKEN**.

5. The joint Stipulation Regarding Extension of Time for Reply Brief and Expert Witness Disclosures (Ct. Rec. 51) is **GRANTED**.

**SUMMARY JUDGMENT ORDER ~** 10

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 23rd day of June, 2005.

s/ ROBERT H. WHALEY
United States District Judge

Q:\CIVIL\2004\Tim Vining\sj.order.wpd

**SUMMARY JUDGMENT ORDER ~** 11